**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

WINFORD BRYANT,
#B39313,

                    **Plaintiff,**

        **v.**

KIM BUTLER,
BARACK OBAMA, and
NIGEL PATRICK,

                  **Defendants.**

**Case No. 22-cv-00657-SPM**

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Winford Bryant, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. (*See* Doc. 1). Bryant alleges that in 2008, when he was housed at Menard Correctional Center ("Menard"), Counselor Kim Butler placed him under hypnosis and then walked him through the facility directing him to perform sex acts on other inmates and staff because she "labeled" him a snitch. Butler also hypnotized a correctional officer and Bryant's cellmate. Although the alleged incident happened at Menard over thirteen years ago and Butler is not employed at Lawrence,[1] Bryant claims that Butler is still attacking him with hypnosis. He further asserts that he spoke to President Barack Obama regarding the assaults caused by Butler. Since 2009, President Obama has also been attacking him with hypnosis.

Finally, Bryant claims an individual named Nigel Patrick, a civilian working for Butler and

---

[1] Bryant describes Butler as a "former counselor of Menard." (Doc. 1, p. 1).

President Obama, is also "trying to rob people [with] the use of hypnosis." Bryant "won't speak up for him so he's been torturing [Bryant], putting [him] in physical and mental pain and making [Bryant] pee on [himself] while" sleeping. Bryant asserts that Nigel Patrick also sabotaged his post-conviction evidentiary hearing by causing his trial lawyer to lie on the witness stand.

### DISCUSSION

The Court has reviewed the Complaint pursuant to 28 U.S.C. §1915A and finds that the claims are factually frivolous. *See Edwards v. Snyder,* 478 F. 3d 827, 829 (7th Cir. 2007) ("[a] claim is factually frivolous if its allegations are bizarre, irrational or incredible"). *See also Denton v. Hernandez,* 405 U.S. 32-33 (1992). Bryant's assertions that Defendants have and continue to hypnotize him over a period of thirteen years are "irrational" and "delusional" and warrant dismissal. *Id.* The Court is not required to accept as true these types of fanciful claims. *See Atkins v. Sharpe,* 854 F. App'x 73, 75 (7th Cir. 2021); *Gladney v. Pendleton Corr. Facility,* 302 F. 3d 773, 774 (7th Cir. 2002). Thus, the Complaint does not survive preliminary review and is **DISMISSED with prejudice.** *See Gladney,* 302 F. 3d at 775 ("dismissal is mandatory rather than discretionary, if the conditions for dismissal such as frivolousness are met").

The Court notes that Bryant has raised similar claims regarding being hypnotized in two other cases filed in the Northern District of Illinois. *See Bryant v. Obama,* No. 10-cv-02375 (N.D. Ill. Apr. 16, 2010); *Bryant v. Obama,* No. 16-cv-09469 (N.D. Ill. Oct. 3, 2016). In *Bryant v. Obama,* No. 16-cv-09469, the Northern District Court warned Bryant that his "repeated filings of similar suits may lead to sanctions." No. 16-cv-09469, Doc. 6. Insofar as this is Bryant's third frivolous lawsuit regarding claims of hypnosis, he is advised that courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bands. *See Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997); *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). Bryant is **WARNED** that if he continues to file frivolous lawsuits in this

District, the Court may impose such sanctions.

### PENDING MOTIONS

Bryant has filed a Motion for Leave to Proceed *in forma pauperis* in this case. (Doc. 3). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). The Court is not satisfied from Bryant's affidavit that he is indigent. His trust fund account balance as of February 22, 2022 was $999.41. (Doc. 3, p. 6 ). Accordingly, the Court the **DENIES** motion for leave to proceed in forma pauperis. Bryant shall pay the $402.00 filing fee.

Because this case is dismissed with prejudice, the Motion for Preliminary Injunction (Doc. 2) and the Motion for Recruitment of Counsel (Doc. 4) are **DENIED as moot.**

### DISPOSITION

For these reasons, the Complaint is **DISMISSED with prejudice** as frivolous pursuant to 28 U.S.C. §1915A(b)(1). Bryant is advised that the dismissal of this action will count as another "strike" under the provisions of 28 U.S.C. § 1915(g).[2]

The Motion for Leave to Proceed *in forma pauperis* is **DENIED.** Bryant shall pay the $402.00 filing fee. (Doc. 3). All other pending motions are **DENIED as moot**. (Doc. 2 and 4).

Bryant may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Bryant does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Bryant may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may

---

[2] Bryant has already incurred three strikes for the purposes of Section 1915(g). *See Bryant v. Obama,* No. 10-cv-2375 (N.D. Ill. dismissed July 13, 2010); *Bryant v. Obama,* No. 10-cv-06278 (N.D. Ill. dismissed Nov. 18, 2010); and *Bryant v. Obama,* No. 16-cv-09469 (N.D. Ill. dismissed Oct. 28, 2016).

toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   April 5, 2022**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**