IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WINFORD BRYANT,**<br>**#B39313,**<br><br>　　　　　**Plaintiff,**<br><br>v.<br><br>**KIM BUTLER,**<br>**BARACK OBAMA, and**<br>**NIGEL PATRICK,**<br><br>　　　　　**Defendants.** | **Case No. 22-cv-00657-SPM** |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

　　　Plaintiff Winford Bryant, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, filed this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while housed at Menard Correctional Center ("Menard"). (*See* Doc. 1). Following a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed with prejudice the Complaint and this entire case as frivolous. (Doc. 7). The Clerk entered judgment, and on April 29, 2022, Bryant filed a "Federal Rules Civil Procedure 59(e) Petition for Rehearing." (Doc. 9). Bryant then filed two motions for status, supplemental evidence, a document entitled "notice," and a notice of appeal. (Doc. 11, 12, 13, 14). He then proceeded to file a motion to stay his appeal, a motion to proceed IFP on appeal, and a motion for recruitment of counsel. (Doc. 23, 24, 25). The motion for reconsideration, the motion to stay, the motion to proceed IFP, and the motion for recruitment of counsel are currently before the Court.

**PETITION FOR REHEARING AND MOTION TO STAY**

　　　Because Bryant cites to Rule 59(e), the Court construes the petition for rehearing as a motion

to alter or amend a judgment. Federal Rule of Civil Procedure Rule 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact or to address newly discovered evidence. *Obriecht v. Raemisch,* 517 F.3d 489, 494 (7th Cir. 2008). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

As a preliminary matter, the Court must address its jurisdiction to decide the petition for rehearing, given the fact that Bryant filed a notice of appeal on July 27, 2022. Ordinarily, a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *accord May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000). Where a party files a timely notice of appeal and a timely Rule 59(e) motion, filed no later than twenty-eight days after the judgment is entered, however, the notice becomes effective only after the order disposing of the Rule 59(e) motion. FED. R. APP. P. 4(a)(4)(B)(i); *see Katerinos v. United States Dep't of Treasury*, 368 F.3d 733, 737 (7th Cir. 2004). Consequently, the Court finds that it has jurisdiction to decide the petition for rehearing despite the notice of appeal. Thus, the motion to stay is moot. (Doc. 23).

In the petition for rehearing, Bryant asks the Court to reinstate his Complaint. (Doc. 9). He recounts the allegations in the Complaint, that while at Menard, he and a cellmate were hypnotized and walked cell to cell and forced to perform sexual acts with staff and inmates. Bryant argues that these assertions clearly rise to the level of constitutional violations. Bryant states he should be allowed to present evidence in support of his claims. He has 39 witnesses who can corroborate his story, there is video camera footage that will show a state trooper coming to Menard on November 27 and 30, 2008, and phone records will show that he called Judge Booras, who spoke to President Obama, and his grandmother in an attempt to bring this incident to light. Bryant also discusses his criminal case and asserts that (1) his defense attorney lied under oath during his prost conviction hearing because she

was "interfered with" by Nigel Patrick, who was in collusion with Menard Counselor Kim Butler and President Obama; and (2) a detective lied before a grand jury framing Bryant for criminal activity he did not commit.

Although Bryant disagrees with the Court's finding that his assertions are irrational and delusional and warrant dismissal, he has not shown that the dismissal of his Complaint as frivolous was done in error or was a mistake in some way. He merely restates the claims in his Complaint and argues he should be given an opportunity to proceed with this case. A court does not need to accept allegations that are "irrational, fanciful, fantastic, delusional or incredible" as true. *See Atkins v. Sharpe,* 854 F. App'x 73, 75 (7th Cir. 2021); *Holland v. City of Gary,* 503 F. App'x 476, 477 (7th Cir. 2013). The Court remains convinced of the determination that Bryant's assertions fall into these categories and lack any arguable basis in fact. As Bryant has not established that the Court made an error of law or fact or presented an exceptional circumstance that warrants vacation or amendment of the judgment, the motion is denied.

## MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS*

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A). *See also Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2009). An appeal is taken in good faith if it seeks review of an issue that is not clearly frivolous, meaning that a reasonable person could suppose it to have at least some legal merit. *Walker,* 216 F.3d at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). The motion to proceed IFP must be supported by an affidavit that shows the party's inability to pay or to give security for fees and costs, claims an entitlement to redress, and states the issues that the party intends to present on appeal. *See* FED. R. APP. P. 24(a)(1).

Here, a review of Bryant's affidavit and financial statement confirms he is indigent. (Doc. 24). The Court, however, denies the motion. The "Seventh Circuit has made clear that litigants should not

be permitted to appeal *in forma pauperis* where their underlying complaint has been dismissed as frivolous." *Collier v. Blagojevich,* 2008 WL 4378375, at *3 (N.D. Sept. 23, 2008) (citing *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000)). Accordingly, because "an appeal in a frivolous suit cannot be 'in good faith,'" the Court denies the motion for leave to proceed IFP on appeal and certifies that his appeal is not taken in good faith. *Moran v. Sondalle,* 218 F. 3d 647, 650 (7th Cir. 2000); 28 U.S.C. § 1915(a)(3).

If Bryant wishes to contest this Court's finding that the appeal is not taken in good faith, he has thirty days from the date of this Order to reapply to the Seventh Circuit Court of Appeals for leave to proceed in forma pauperis on his appeal. *See* FED. R. APP. P. 24(a). The clerk is directed to submit a copy of this order to the United States Court of Appeals for the Seventh Circuit.

### MOTION FOR RECRUITMENT OF COUNSEL

Once a litigant has filed a notice of appeal, any request for recruitment of counsel should be presented to the Court of Appeals. Accordingly, the Court denies Bryant's post-appeal motion for recruitment of counsel. (Doc. 25).

### DISPOSITION

For the reasons provided above, the Federal Rules Civil Procedure 59(e) Petition for Rehearing (Doc. 9) is **DENIED,** the Motion to Stay Appeal (Doc. 23) is **DEEMED MOOT,** the Motion for Leave to Appeal *in forma pauperis* (Doc. 24) is **DENIED,** and the Motion for Recruitment of Counsel (Doc. 25) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:**     **August 26, 2022**

                                                              *s/Stephen P. McGlynn*
                                                              **STEPHEN P. MCGLYNN**
                                                              **United States District Judge**